AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No. |
| ORAN ORVALL DAWSEY | ) | 6:15-mj- 1650 |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __September 22, 2015__ in the county of __Brevard__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 844(e) | Making hoax bomb threats by telephone |

This criminal complaint is based on these facts:
See attached affidavit (incorporated by reference herein).

☑ Continued on the attached sheet.

_____
Complainant's signature

Christopher Castiello, Task Force Officer, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 11-30-2015

_____
Judge's signature

City and state: Orlando, Florida

The Honorable Thomas B. Smith
Printed name and title

STATE OF FLORIDA                                CASE NO. 6:15-mj- 1650

COUNTY OF ORANGE

## AFFIDAVIT

I, Christopher Castiello, Task Force Officer, Department of Justice, Federal Bureau of Investigation (FBI), being duly sworn, do hereby depose and state the following:

1. I am a Task Force Officer with the FBI's Joint Terrorism Task Force (JTTF) and currently assigned to investigate terrorism matters that occur within the Tampa Division's Brevard Resident Agency's office. I am also a Deputy Sheriff with the Brevard County Sheriff's Office (BCSO). My duties and responsibilities include the investigation of threats to kill someone or to destroy a building through the use of an explosive device, in violation of 18 U.S.C. § 844(e).

2. I make this affidavit based upon my personal knowledge derived from my participation in this investigation, information that I have learned from my discussions with other law enforcement officers and witnesses, a review of evidence obtained during this investigation. Because this affidavit is being submitted for the limited purpose of supporting the issuance of a criminal complaint and arrest warrant charging ORAN ORVAL DAWSEY (DAWSEY) with a federal offense, I have not set forth in this affidavit every fact that I learned as a result of this investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause that a violation of federal law has been committed. Unless otherwise noted, all statements of other persons described herein are set forth in substance and in part, rather than verbatim.

3. Based on the investigation described in this affidavit, there is probable cause to believe that in Brevard County, Florida, in the Middle District of Florida, DAWSEY did knowingly and willfully, by means and use of an instrument of interstate

commerce, that is, by the telephone, make a threat, and maliciously convey false information knowing the same to be false, concerning an alleged attempt being made, and to be made, to unlawfully damage and destroy any building by means of an explosive, in violation of 18 U.S.C. § 844(e).

## PROBABLE CAUSE BASIS

4. On Tuesday, September 22, 2015, at approximately 7:50 a.m., the BCSO received a report that an individual made a telephone call to the Moore Justice Center, a state court building, located in Brevard County at 2825 Judge Fran Jamieson Way, Melbourne, Florida, 32940, and threatened that a bomb was on the second floor of the building. In response to receiving the call, the court building was evacuated and officers from the BCSO's Bomb Squad searched the building for a bomb or explosive. No such explosive was found, however, all official business was suspended in the court building while it was evacuated and searched by the Bomb Squad officers.

5. During a subsequent investigation, BCSO Agent Patrick Ferguson and I interviewed the Court Operations Manager at the Moore Justice Center who advised, in sum, the following: On September 22, 2015, at approximately 7:41 a.m., she answered a telephone call on the main telephone line for the Moore Justice Center. When she answered the call, an unknown male told her that there was a bomb on the second floor of the building, that she had thirty minutes, and that she had been warned. The male then disconnected the phone call.

6. Subpoenaed phone records obtained from AT&T, the telephone service provider for the Moore Justice Center, revealed that on the date and approximate timeframe of the above-described bomb threat, five different calls were made to the

commerce, that is, by the telephone, make a threat, and maliciously convey false information knowing the same to be false, concerning an alleged attempt being made, and to be made, to unlawfully damage and destroy any building by means of an explosive, in violation of 18 U.S.C. § 844(e).

## PROBABLE CAUSE BASIS

4. On Tuesday, September 22, 2015, at approximately 7:50 a.m., the BCSO received a report that an individual made a telephone call to the Moore Justice Center, a state court building, located in Brevard County at 2825 Judge Fran Jamieson Way, Melbourne, Florida, 32940, and threatened that a bomb was on the second floor of the building. In response to receiving the call, the court building was evacuated and officers from the BCSO's Bomb Squad searched the building for a bomb or explosive. No such explosive was found, however, all official business was suspended in the court building while it was evacuated and searched by the Bomb Squad officers.

5. During a subsequent investigation, BCSO Agent Patrick Ferguson and I interviewed the Court Operations Manager at the Moore Justice Center who advised, in sum, the following: On September 22, 2015, at approximately 7:41 a.m., she answered a telephone call on the main telephone line for the Moore Justice Center. When she answered the call, an unknown male told her that there was a bomb on the second floor of the building, that she had thirty minutes, and that she had been warned. The male then disconnected the phone call.

6. Subpoenaed phone records obtained from AT&T, the telephone service provider for the Moore Justice Center, revealed that on the date and approximate timeframe of the above-described bomb threat, five different calls were made to the

commerce, that is, by the telephone, make a threat, and maliciously convey false information knowing the same to be false, concerning an alleged attempt being made, and to be made, to unlawfully damage and destroy any building by means of an explosive, in violation of 18 U.S.C. § 844(e).

## PROBABLE CAUSE BASIS

4. On Tuesday, September 22, 2015, at approximately 7:50 a.m., the BCSO received a report that an individual made a telephone call to the Moore Justice Center, a state court building, located in Brevard County at 2825 Judge Fran Jamieson Way, Melbourne, Florida, 32940, and threatened that a bomb was on the second floor of the building. In response to receiving the call, the court building was evacuated and officers from the BCSO's Bomb Squad searched the building for a bomb or explosive. No such explosive was found, however, all official business was suspended in the court building while it was evacuated and searched by the Bomb Squad officers.

5. During a subsequent investigation, BCSO Agent Patrick Ferguson and I interviewed the Court Operations Manager at the Moore Justice Center who advised, in sum, the following: On September 22, 2015, at approximately 7:41 a.m., she answered a telephone call on the main telephone line for the Moore Justice Center. When she answered the call, an unknown male told her that there was a bomb on the second floor of the building, that she had thirty minutes, and that she had been warned. The male then disconnected the phone call.

6. Subpoenaed phone records obtained from AT&T, the telephone service provider for the Moore Justice Center, revealed that on the date and approximate timeframe of the above-described bomb threat, five different calls were made to the

Moore Justice Center. Four of these incoming calls to the Moore Justice Center listed a different originating number however the secondary originating number ended in 5713. These calls were made to the Moore Justice Center between approximately 7:39 a.m. and 7:54 a.m., with each call lasting approximately one minute in length. An AT&T representative further explained to Agent Ferguson that for these calls that listed an originating number and a secondary originating number listed, the secondary originating number is the true telephone number that the telephone call came from and the originating number was an attempt to mask or hide this true telephone number.

7. Based on the information provided by the AT&T representative, the telephone number ending in 5713 was the actual number used to contact the Moore Justice Center around the timeframe of the bomb threat on September 22, 2015. Through open source searches, I determined that this telephone number was associated with the Facebook.com page of DAWSEY. From DAWSEY's Facebook page, which he made accessible to the public, I observed videos of DAWSEY speaking by himself. Three of these videos were downloaded for voice comparison. Once DAWSEY's identity was confirmed from information retrieved from the State of Florida, Driver And Vehicle Information Database, I determined that DAWSEY had a connection to the Moore Justice Center. Information retrieved from the Brevard County Clerk of Courts website revealed that DAWSEY was scheduled to appear at the Moore Justice Center on the date of the bomb threat for a court date. DAWSEY failed to appear in court on that date and a warrant was issued for his arrest.

8. On September 30, 2015, Agent Ferguson and I brought the Facebook page videos of DAWSEY speaking to the Moore Justice Center and showed them to the

3

Court Operations Manager who spoke to the male who made the above-described bomb threat over the telephone. The manager stated that two of the videos where DAWSEY spoke loudly and emotionally did not sound like the person who made the threat over the phone because the caller was monotone and unemotional during the call. When the manager viewed one of the videos of DAWSEY speaking in a normal tone, she stated that DAWSEY's voice sounded similar to the person who called in the bomb threat. Agent Ferguson and I also spoke with a judicial assistant who confirmed that on September 22, 2015, at approximately 8:30 a.m., in courtroom 2G of the Moore Justice Center, DAWSEY was scheduled for an early resolution hearing in a pending criminal case. According to the judicial assistant, DAWSEY was going to be offered a plea deal of 15 months imprisonment for his criminal case, however, DAWSEY failed to appear and a warrant was issued for his arrest. This information was further confirmed by a representative of the State Attorney's Office that is prosecuting DAWSEY in the pending criminal case against him. The State Attorney's Office also confirmed that the telephone number they have on file for DAWSEY is the number ending in 5713.

9. On October 1, 2015, law enforcement officers arrested DAWSEY on his state arrest warrant. After learning of his arrest, I went to the Brevard County Detention Center, met with DAWSEY, and advised him of his <u>Miranda</u> rights. DAWSEY agreed to waive his rights and speak with me. During an interview, DAWSEY stated, in sum, the following:

   a. His cellular telephone number was the telephone number discussed above, ending in 5713.

4

    b.    The cellular telephone assigned to this telephone number was in his sole possession during the timeframe of the above-described bomb threat.

    c.    He called in the bomb threat to the Moore Justice Center in an attempt to get his court date postponed and had no intentions of harming anyone.

    d.    The cellular telephone that he used to call in the bomb threat is not the same cellular telephone that he had in his possession when he was arrested. The cellular telephone that he used to call in the bomb threat was damaged so he activated another phone.

## CONCLUSION

10.    On the basis of the foregoing facts and evidence, I submit that there is probable cause to charge DAWSEY with threats to kill someone or to destroy a building through the use of an explosive device, in violation of 18 U.S.C. § 844(e).

_____
Christopher Castiello
Task Force Officer – FBI

Sworn to and subscribed before me
this 30TH day of November, 2015.

_____
The Honorable Thomas B. Smith
United States Magistrate Judge

5