**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**

**v.**                                              **Case No:  6:15-cr-259-orl-28KRS**

**ORAN DAWSEY,**

---

## SENTENCING MEMORANDUM

---

Mr. Oran Dawsey, by and through his undersigned attorney, respectfully submits his sentencing memorandum in the above case in support of his request for a sentence below the calculated guideline range. Mr. Dawsey is scheduled for sentencing, on Friday, April 22, 2016 at 1:30PM. Doc. 36.

Mr. Dawsey made a mistake that will ultimately result in the loss of liberty in addition to the punishment he sought to prolong.  Mr. Dawsey accepts responsibility for his actions and respectfully request the Court issue a sentence below the guidelines after considering the factors enumerated in 18 U.S.C. § 3553(a) and reviewing arguments of undersigned counsel.

### *The Sentencing Process*

Post-*Booker* a district court must engage in a sentencing analysis prior to pronouncing a reasonable sentence. *See*, e.g., *United States v. Russell*, 322 Fed. Appx. 920, 925-26 (11th Cir. 2009)(citing *Gall v United States*, 552 U.S. 38, 48 (2007). The first step is to correctly calculate the applicable guideline range set forth in the current United States Sentencing Commission Guidelines Manual. *Id.* Next, the court would hear the parties' arguments as to what would constitute a reasonable sentence. *Id.* Finally, the district court must consider the factors enumerated in 18 U.S.C. § 3553(a)[1]. *Id.* Stated differently, after correctly calculating the guidelines and giving deference to the guideline range, a district

---

[1] The court shall impose a sentence sufficient, but not greater than necessary, to comply with the factors set forth below by considering:

    **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

    **(2)** the need for the sentence imposed--

        **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

        **(B)** to afford adequate deterrence to criminal conduct;

        **(C)** to protect the public from further crimes of the defendant; and

        **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    **(3)** the kinds of sentences available;

    **(4)** the kinds of sentence and the sentencing range established in the sentencing guidelines;

    **(5)** any pertinent policy statement;

    **(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

    **(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

court may vary from the applicable range to determine a reasonably appropriate sentence.

The guidelines are the starting place for district courts to issue a sentence but are not and should not be the only consideration for fashioning an appropriate sentence. *Gall v. United States*, 552 U.S. 38, 49 (2007). A district judge must consider the extent of any departure from the Guideline but will only be required to explain the appropriateness of such a sentence with sufficient justifications if it is to the degree of being unusually lenient or harsh. *Id*. at 46.

### The Sentencing Guideline Calculations

The pre-sentence report ("PSR") has calculated Mr. Dawsey's guidelines as follows:

| USSG | DESCRIPTION | LEVEL(S) | PSR |
|---|---|---|---|
| § 2A6.1 | Base offense level | 12 | ¶16 |
| § 2A6.1(b)(4)(A) | Resulted in substantial disruption of public, governmental, or business functions or services | +4 | ¶17 |
| § 3E1.1(a), (b) | Acceptance of responsibility | -3 | ¶23-24 |
| | Criminal History score 24 | Criminal History Category VI | ¶61 |

With the current calculations, Mr. Dawsey has a guideline range of 33-41 months.  PSR ¶101.  Fortunately, this range is merely advisory, and is only the initial benchmark or courts to consider when determining an appropriate sentence.

Mr. Dawsey respectfully submits to the Court that giving consideration of the following 3553(a) factors will give justification to pronounce a sentence below the guideline range.

### Nature and Circumstances of the Offense

On September 22, 2015, Mr. Dawsey was scheduled to attend court at the Moore Justice Center, a state court building, located in Brevard County.  PSR ¶6. Instead of attending court as instructed, Mr. Dawsey called the main line of the Moore Justice Center and made contact with the court operations manager.  *Id*. Mr. Dawsey stated that there was a bomb on the second floor of the building and advised that there was only thirty (30) minutes.  *Id.*  Appropriately, the Moore Justice Center was immediately evacuated and searched for explosives.  PSR ¶8. Mr. Dawsey did not attend his court hearing on that day as all official business was suspended in the court building.  PSR ¶7.

### Mr. Dawsey's History and Characteristics

Mr. Dawsey began life the same as most children in America.  Born August 11, 1978 to the union of Christopher Hayden and Gloria Dawsey, he was loved and well taken care of by his parents. PSR ¶74.  However shortly after his birth,

Mr. Dawsey's mother started abusing drugs and his father decided that the husband, wife, and child family was not the lifestyle that he wanted to live. PSR ¶¶74-75. Mr. Dawsey was sent to live with his maternal grandmother, Plassie Dawsey and grandfather, Clearance Williams. PSR ¶75. Mr. Williams was a raging alcoholic who was physically and mentally abusive to Mr. Dawsey. PSR ¶75.



Ex. 1 (Mr. Dawsey approximate age 1)   Ex.2 (Mr. Dawsey approximate age 6)

In an effort to maintain a relationship with Mr. Dawsey's paternal side of the family, he was sent to his paternal grandparents periodically on the weekends or during the week for visits. PSR ¶75. It was during these periods that Mr. Dawsey was repeateadely raped by his father from age eight (8) through seventeen

5

(17).  PSR ¶75.  Mr. Hayden took advantage of the father/son relationship when he created a false sense of security for Mr. Dawsey.

Mr. Hayden died from a blood born disease on January 3, 2004.  PSR ¶74. This same disease was discovered in Mr. Dawsey system in 2002.  PSR ¶81.  As a result of the sexual abuse and disease, Mr. Dawsey has continuously struggled with depression and suicidal ideation.  PSR ¶84.  He was treated by multiple facilities and provided medicine; however, due to the cost of treatment he was unable to refill the prescriptions or continue with therapy.  PSR ¶84.  Thus, Mr. Dawsey was left to internally suffer with his thoughts and condition.

Beginning at age 14, Mr. Dawsey has used various mind altering substances as a means of self-medicating to escape from the reality of abuse. PSR ¶86.  He was escaping his maternal grandfather's mental and physical abuse and his father's sexual abuse.  At age 15, Mr. Dawsey first used cocaine.  PSR ¶87. This drug debilitated Mr. Dawsey from caring about anything but getting his next high to escape from his reality.  The cocaine use turned into a daily habit and caused Mr. Dawsey to drop out of school; prevented him from keeping a job; and caused him to think that it was appropriate to commit crimes to support his habit. PSR ¶¶89-97.

Mr. Daswey does not have a violent criminal past. PSR ¶¶27-60.  Almost all of Mr. Dawsey's criminal convictions were the result of a form of theft that he

was using as a means to continue his drug use.  PSR ¶¶27-60.  In fact, the pending crime that Mr. Dawsey sought to prolong appears to also be a crime associated with theft to support a habit.  PSR ¶70.

Mr. Dawsey has never been married, and has only maintained an off and on again relationship with one woman, Alisha Lovette, during his life. PSR ¶77. From this relationship, Mr. Dawsey has one daughter, Shatana who is now 12 years of age.  PSR ¶77.



Exhibit 3 (Shatana Bishop)

7

### *Need for the Sentence Imposed*

A.  *To reflect the seriousness of the offense, and to promote respect for the law*

This offense is serious and Mr. Dawsey does not make light of the fact that he instilled fear in the lives of many on the day that he made a horrible mistake. Albeit costly, it was a mistake that he thought would get him out of going to court for that appearance.  Mr. Dawsey had no intention on physically causing harm to anyone.   However, Mr. Dawsey learned that no matter the intent it is the perception and result of the actions that matter.  Here, Mr. Dawsey intended to prolong his court appearance but ended up disrupting the entire system.

If an individual committed the same offense with no past criminal history, the USSG provide for a sentence as low as twelve (12) months as sufficient to reflect the seriousness of the offense and promote respect for the law.  USSG §§ 2A6.1(a)(1); (b)(5); § 3E1.1.

As described in the legislative history of Section 3553(a):

> "This purpose—essentially the "just deserts" concept—should be reflected clearly in all sentences; it is another way of saying that the sentence should reflect the gravity of the defendant's conduct. ***From the public's standpoint, the sentence should be of a type and length that will adequately reflect, among other things, the harm done or threatened by the offense, and the public interest in preventing a recurrence of the offense.*** From the defendant's standpoint the sentence should not be unreasonably harsh under all the circumstances of the case and should not differ substantially from the sentence given to another similarly situated defendant convicted of a similar offense under similar circumstances."

S.Rep. No. 98–225, at 75–76, 1984 U.S.C.C.A.N. at 3258–59.

### B.  To  provide just punishment for the offense

We then turn our attention to what sentence would provide just punishment.

Mr. Dawsey submits to the Court that a sentence below the guideline range would

provide just punishment.  This sentence takes into account the purposes of the

sentencing guidelines but also shows that Mr. Dawsey is an individual.  He is

being punished at a minimum rate of an additional 21 months because of his past

offenses.

As previously stated, Mr. Dawsey does not have a violent past.  The

similarity between his past crimes and the current one is that Mr. Dawsey

committed the offense out of what he deemed a necessity.  The difference

conversely is the current offense disrupted multiple lives.   He ultimately knew

that he would have to stand and face punishment for the State crime as he has

stood in judgment many times in the past.   He also knew that he would have to

face punishment for the hoax threat.

### C.  To afford adequate deterrence to criminal conduct

A punishment of imprisonment within the guideline range however is not

necessary to further the § 3553 factor of general  deterrence since there is no

correlation between punishment and reductions in crime. (*See* Gary  Kleck and

J.C. Barnes, *Deterrence and Macro-Level Perceptions of Punishment Risks:   Is*

*There  a "Collective Wisdom"?*, 59 Crime & Delinquency 1006, 1031-33 (2013),

excerpt hereto attached  as Exhibit 6).  Kleck and Barnes' study concludes:

> there is generally no significant association between perceptions
> of punishment  levels and the actual levels of punishment that the
> criminal  justice  system  achieves.  This  in  turn  implies  that
> increases  in  punishment  levels  do  not  routinely  reduce  crime
> through    general    deterrence    mechanisms,    because    the
> fundamental   link   between   actual   punishment   levels   and
> perceptions  of  punishment  levels   appears  to  be  weak  to
> nonexistent.

(*Id*. at 1031).

The  United  States  Department  of  Justice  agrees  with  the  conclusion

that  incarcerating  defendants  is  not  an  effective  means  of  deterrence.  (*See*

U.S.  Dept.  of  Justice,  Nat'l  Inst.  of  Justice,  *Five  Things  About  Deterrence*

(July 2014),  hereto  attached  as  Exhibit 7).  In fact,  the  Department  of  Justice

finds  that  even  increasing  the  severity  of  punishment  does  little  to  deter

punishment. *See Id*.

### The Kinds of Sentences Available

Mr. Dawsey has been convicted of Class C felony and thus is eligible for

a probationary  sentence between one and five years. *See* 18 U.S.C. § 3561(c).

Because  a  mandatory  minimum  sentence  does  not  apply  to  Mr.  Dawsey's

case,  a  sentence  below  the  guidelines  is  available.   Moreover,  as  noted  above

the guideline sentence is merely advisory, not mandatory.

*Conclusion*

WHEREFORE, Mr. Dawsey respectfully requests this Court consider the nature and circumstances of the offense, his history and characteristics, the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, and grant a sentence below the applicable guidelines which would be sufficient but not greater than necessary to accomplish the goals of sentencing.

DATED this 19 day of April, 2016.

Respectfully submitted,

DONNA LEE ELM
FEDERAL DEFENDER

*s/ Alisha Marie Scott*
Alisha Marie Scott
Assistant Federal Defender
Georgia Bar No. 806033
201 South Orange Avenue, Suite 300
Orlando, FL 32801
Telephone: 407-648-6338
Fax: 407-648-6095
E-Mail: alisha_marie_scott@fd.org

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 19 day of April, 2016, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which will send notice of the electronic filing to: Andrew Searle, Assistant United States Attorney.


_s/ Alisha Marie Scott_
Alisha Marie Scott
Assistant Federal Defender